## MATHEW RYAN v. FARMERS' BANK OF MISSOURI.

### *Error from Leavenworth County.*

Decided *February* 17th, 1865.

1. EVIDENCE: AFFIDAVIT.—An affidavit for an attachment by the indorser of a bill of exchange, wherein it is stated that the steps necessary to fix his liability as such indorser have all been taken, is competent testimony in a suit against him on such bill of exchange, to show that he was duly and legally notified of the dishonor of the bill.

2. PLEADINGS: CORPORATE EXISTENCE.—In an action by the Farmers' Bank of Missouri, an allegation in the petition that the plaintiff is a corporation is not necessary.

The Farmers' Bank of Missouri brought an action against Mathew Ryan and others on a bill of exchange drawn by John W. Russell on J. & C., in favor of H., R. & Co., which bill was accepted by J. & C. and endorsed to the bank in its corporate name by H., R. & Co., of which firm Ryan was a member. During the progress of the trial an affidavit for an attachment made by Ryan in an action brought by H., R. & Co. on the same bill against J. & C., in which Ryan admits that he had due notice of the protest of the bill, was introduced in evidence under the objection of Ryan. Among others an exception was taken to this ruling.

The petition of the plaintiff below, the defendant in error, contains no allegation that the Farmers' Bank of Missouri was a corporation. The answer refers to the plaintiff below as capable of receiving notice of a request by defendants on the plaintiff to sue other parties on the note in question, and refers to the plaintiff as a bank having a president, and makes other references thereto seeming to recognize its corporate existence.

*W. P. Gambell*, for plaintiff in error.

*Clough & Wheat*, for defendant in error.

*Gambell* made the following points:

1. The petition does not state facts sufficient to constitute a cause of action, in not averring that the defendant in error, plaintiff below, was a corporation.

2. The court erred in receiving in evidence the affidavit offered and objected to. It was not shown that any suit or proceeding was ever had in which it was filed.

*Clough & Wheat, for defendant in error*, insisted:

1. The affidavit was competent evidence against Matthew Ryan as an admission of the facts therein stated. 1 *Phil. on Ev.*, 449, 489; 2 *id.*, 383, *note*, 211, 161; *Norton v. Wood*, 22 *Wend.*, 520; 7 *Barb.*, 64; *Chase v. Debolt*, 2 *Gilm.*, 373; 2 *Starkie on Ev.*, 24; 11 *Vesey*, 531; 3 *English Com. L. R.*, 385.

2. It is not necessary at the common law to aver the corporate capacity of a corporation to sue, nor to show that a corporation plaintiff is such by averment. *How. N. Y. Code*, 199; *Holyoke Bank v. Haskins*, 4 *Sandf.*, 675; 4 *Blackf.*, 267; 5 *id.*, 146; 1 *Johns. Cas.*, 132; 3 *Harrison*, 105, 158; 13 *How. Pr. R.*, 270.

3. The answer does not contain a general denial of all the allegations in plaintiff's petition, but only a denial of such as are not admitted by the answer. The answer repeatedly refers to the plaintiff, admits its existence, and indeed makes averments wholly inconsistent with its non-existence.

*By the Court*, BAILEY, J.

The judgment below affirmed.