CARSON, PIRIE, SCOTT & Co., *et al.*, v. C. M. HENDERSON & Co.

1. NEW TRIAL; *Newly-Discovered Evidence; Diligence not Used.* In an application for a new trial of a controversy between attaching creditors, respecting the priority of their liens, upon the ground of newly-discovered evidence, it was claimed by the plaintiffs that since the trial it had come to their knowledge that defendants' claim was not due when the attachment suit was begun. In the petition and affidavit filed by defendants in the attachment suit, they stated that their claim against the debtor was due. No order of attachment in favor of the defendants was authorized nor granted by the district court, nor by the judge thereof, as is required in an action upon a claim before it is due. After the attachment proceedings had been instituted, and two years prior to the trial of this case, the debtor in the attachment suit filed an answer to defendants' petition, and also a motion to dissolve the attachment, alleging that the defendants' debt was not due when the attachment suit was begun: *Held,* That this answer and motion were sufficient to put the plaintiffs upon inquiry in regard to when the defendants' debt was due, and as they could have obtained the new evidence from the defendants, their employés, or from their books, at any time within two years prior to the trial as well as since that time, they have not used such diligence as will entitle them to a new trial.

2. ———— *Newly-Discovered Evidence; New Trial, When.* Before a new trial will be granted upon the ground of newly-discovered evidence, it must affirmatively appear, among other things, that it was through no want of diligence on the part of those applying for the new trial, that the new evidence was not earlier discovered and produced at the trial.

*Error from Atchison District Court.*

THE facts are stated in *Henderson v. Stetter*, 31 Kas. 56, *et seq.*, and in the opinion herein.   Immediately after the reversal of the judgment in *Henderson v. Stetter,* supra, the plaintiffs in error filed in the district court a petition for a new trial upon the ground of newly-discovered evidence.   Trial upon this petition August 2, 1884, when the application for a new trial was denied.   This ruling *Carson, Pirie, Scott & Co.* and *Wm. Ziock & Co.* bring here for review.

*Jackson & Royse,* for plaintiffs in error.

*T. M. Pierce,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : This case was before the court in 1883, upon the question of priority between attaching creditors, when it was here adjudged that the attachment liens of the present plaintiffs were subsequent to the lien of the defendants, and the judgment of the court below was reversed. (*Henderson v. Stetter*, 31 Kas. 56.)   Following immediately upon the reversal, Carson, Pirie, Scott & Co. and Wm. Ziock & Co. filed in the district court a petition applying for a new trial upon the ground of newly-discovered evidence, which they alleged could not, by reasonable diligence, have been discovered by them and produced at the original trial.   A trial upon this petition was had before the court on August 2, 1884, when the application for a new trial was denied ; and on this ruling error is assigned. In the action brought by C. M. Henderson & Co. against N. Stetter they alleged in their petition that their claim against Stetter was due and payable, and in the affidavit filed by them to obtain an order of attachment, it was stated "that said claim is just, due, and wholly unpaid;" and the order of attachment was issued by the clerk of the district court, as upon a claim that was then due and payable.   The plaintiffs now claim that since the trial of the motion in this case, and on December 19, 1883, they first discovered evidence tending to

show that the claim of C. M. Henderson & Co. was not due when the attachment suit was begun. Assuming that this testimony came to the knowledge of the plaintiffs since the former trial, that it is material, and that it is not cumulative, it does not necessarily follow that they are entitled to a new trial. It has been repeatedly held by this and other courts that before a new trial will be granted upon the ground of newly-discovered evidence, it must affirmatively appear that it was through no want of diligence on the part of those applying for the new trial that the evidence was not earlier discovered and produced at the trial. (*Swartzel v. Rogers*, 3 Kas. 374; *Smith v. Williams*, 11 id. 104; *Boyd v. Sanford*, 14 id. 280; *Mitchell v. Stillings & Fenlon*, 20 id. 276; *Clark v. Norman*, 24 id. 515; *Moon v. Helfer*, 25 id. 139; *Sexton v. Lamb*, 27 id. 432; *Board of Regents v. Linscott*, 30 id. 241; *Wilkes v. Wolback*, 30 id. 376.)

Was reasonable diligence exercised by these plaintiffs? Upon this question the court below found against them, and it appears to us from the record that the new testimony ought to have been known to the plaintiffs before the trial, and that no sufficient excuse has been shown for failing to procure it. It appears that the attachment suits of the creditors of N. Stetter were begun in December, 1879. After orders of attachment had been sued out by all the parties now before the court, and on January 26, 1880, N. Stetter filed an answer in the case of C. M. Henderson & Co., alleging that the goods and merchandise, for the price of which the action was brought, had been purchased on credit, and that the indebtedness was not due when the action was commenced. On January 29, 1880, Stetter filed a motion to dissolve the attachment issued at the instance of C. M. Henderson & Co., upon the ground that their cause of action against him had not accrued when the action was instituted. By this answer and motion the plaintiffs and all attaching creditors were put upon inquiry in regard to the maturity of the claim of C. M. Henderson & Co. Notwithstanding that their intention was thus challenged, it seems that but little if any effort was made by the plaintiffs to ascertain

1. New trial; newly-discovered evidence; due diligence not used.

whether or not the claim was due.  One of the counsel for the plaintiffs testifies that he took the deposition of N. Stetter, Max Stetter, Mrs. Stetter, and one Stein, who was clerking for Stetter, and endeavored to obtain some knowledge of the books of N. Stetter with reference to his purchases during the summer and fall preceding the failure, but that he was unable to get any trace or knowledge of the whereabouts of the books until about two months before the application for a new trial. It does not appear, however, that any inquiry was made of these witnesses respecting the claim of C. M. Henderson & Co.; nor does it now appear that the status of the claim could have been learned from Stetter's books.  Failing to learn the condition of the Henderson claim from the books, it was their duty to have looked further.  The information might have been obtained from Henderson and Co., or from their books, or from the employés who made the sale of the goods to Stetter, and who understood the terms of sale.  Although more than two years intervened between the filing of the answer and motion of Stetter alleging that the claim of Henderson & Co. was not due, and the trial of this cause, yet no effort was made to obtain the desired information except the search for Stetter's books.  Indeed, it may well be questioned whether the testimony now relied on can be regarded as newly discovered. We notice that at the former trial the plaintiffs offered in evidence the papers in the case of C. M. Henderson & Co., against N. Stetter, and the record therein, and called the attention of the court to the fact that the answer set forth that the indebtedness was not due, and that the same fact was set up in the motion made by Stetter to dissolve the attachment; and also to the further fact appearing from the records that no order of attachment had been authorized by the district judge nor the district court as required by law on a claim not due.  For what purpose this testimony was offered is not apparent, as it appears that the plaintiffs relied upon other facts to establish the priority of their claim. Waiving the question in regard to whether the testimony was newly discovered, this action of the plaintiffs at least shows

clearly that their attention was then specially called to, and that they must have known of, the denial that the defendants' claim was due when their action was begun and the attachment issued. Counsel for plaintiffs state that for some reason they were led to believe that the attachment of C. M. Henderson & Co. was dissolved in January, 1880, and that they did not learn otherwise until about the time that the motion was filed upon which the trial was had in this case. This is another fact which appeared from the record, and which they should have known. Even if this was a sufficient excuse for not learning of this evidence earlier, and if they could be held not wanting in diligence up to that time, there still remained time enough prior to the trial of the case in which to investigate and procure the evidence. The defendants' motion was filed on June 17, 1882, and the hearing thereon was not had until July 21, 1882. The new testimony might easily have been procured during that time, and if the time was not sufficient, a continuance of the hearing might have been obtained. The depositions of C. M. Henderson and Martin Howard, who had charge of the credit department of the firm of C. M. Henderson & Co., have been taken since the former trial, and the court found it to be probable that upon a new trial it could be made to appear by the evidence of these two witnesses, that the indebtedness of N. Stetter to C. M. Henderson & Co. was not due when the action was commenced; and that the knowledge which the plaintiffs gained from these depositions might have been obtained from the defendants, or their books, or from their employés who had charge of the credit department of the firm, as easily before the trial as afterward. The

2. New evidence; due diligence not shown; findings of trial court, sustained.

court also finds that by reasonable diligence the plaintiffs might and could have discovered and produced at the trial the evidence of C. M. Henderson and Martin Howard as to whether said indebtedness was due or not when the action of Henderson & Co. was begun; and it seems to us that the testimony offered upon the application well sustains these findings. But plaintiffs say that they ought not to be held negligent

for not taking the defendants' testimony, when the defendants had already alleged in the petition, and also stated in their affidavit for attachment, that their claim was due. In cases where the adverse party resorts to some fraudulent practices in order to mislead the other party, or to suppress the new testimony, the same strictness respecting diligence is not required of the applicant for a new trial. But we are not convinced that the defendants deceived or intended to deceive the plaintiffs in respect to the time when their claim against Stetter was due. While admitting that the goods were sold to Stetter upon credit, they claim that by reason of the conditions upon which they were sold, and of the action of Stetter, the price of the goods became due at once. If after receiving the notice imparted by the answer and motion of Stetter, the plaintiffs had applied to the defendants for an opportunity to examine their books, or for information regarding the terms of sale and the time when Stetter's debt was due, and access to the books had been refused by the defendants, and all reasonable effort to obtain the information had been defeated by them, there would be some force in the position insisted on. But although there was abundant opportunity, no such application or effort was made by the plaintiffs until after the trial, and when it was made, the information was obtained, it seems, without difficulty. We think that in any view that may be taken of the case, the plaintiffs cannot be held to have used such diligence in discovering and in procuring the new testimony as would entitle them to a new trial.

The judgment of the district court denying the application will therefore be affirmed.

All the Justices concurring.