THE STATE OF KANSAS v. THOMAS A. CURRENS.

1. NEW TRIAL — *Neglect of Attorney.* The record examined, and *held,* that it does not disclose any such neglect on the part of the attorneys for the appellant, in the preparation or trial of the case in the court below, as entitles him to a new trial on that account.

2. ————— *Newly-Discovered Evidence.* The record examined, and *held,* that it does not disclose any newly-discovered evidence upon which to base an application for a new trial, and therefore it was not error for the trial court to refuse the appellant's application therefor.

*Appeal from Wyandotte District Court.*

THE material facts are set forth in the opinion.

*E. S. Earhart,* and *W. F. Guthrie,* for appellant.

*John N. Ives,* attorney general, *Henry McGrew,* county attorney, and *W. J. Morse,* for The State.

Opinion by STRANG, C.: This is an appeal from a judgment of the district court of Wyandotte county, refusing a new trial.    March 10, 1890, the defendant was tried and convicted of the larceny of a horse, and sentenced to the penitentiary for the period of seven years.    September 29, of the same year, the defendant filed his petition for a new trial, which was heard and overruled.    The defendant alleges that he was entitled to a new trial, first, because of the negligence of his counsel in the preparation and conduct of his defense. We have examined the record, and, outside of the allegation of the defendant in his petition for a new trial, we discover no indication of negligence in the conduct of the trial on the part of the attorneys for the defendant.    He complains that no motion for a new trial was filed.    It is true no motion for a new trial was filed by the attorneys for the defendant; but, so far as we know, they had nothing upon which to base a motion for a new trial, and if they had not, the filing of a motion for a new trial would have been a mere idle ceremony. We are also bound to believe that the defendant did not, at

the conclusion of his trial and before sentence, know of any-
thing upon which to base a motion for a new trial, since he
alleges in his petition that it was since the trial and verdict
that he discovered the evidence upon which he bases his right
to a new trial.    Besides, if he had known of the newly-dis-
covered evidence at the time of the trial, it would not have
constituted any cause for a new trial, though not used on the
trial.    Again, the defendant testifies in his affidavit for a con-
tinuance that it was not until the 4th of March that he came
into possession of money to employ counsel to defend him.
On the same day they prepared and filed an application for a
continuance, which was heard by the court the next day, the
5th, and the case was continued thereon until the 10th of the
month.    This evidence shows that the counsel for the appel-
lant were not employed until the day before the application
for a continuance was heard.    The application for continuance
also shows that counsel and the appellant got their informa-
tion in regard to what witnesses therein named would swear
to from one Riley Miller, a friend of the appellant, from
Leavenworth.    The appellant alleges negligence in the prep-
aration of the affidavit for the continuance in this, that it did
not correctly state what the witnesses therein named would
swear to.    It is pretty certain that the application for a con-
tinuance, so far as it purported to give facts that could be
proved upon the trial of the case if a continuance was had,
was a fraud; but it is equally certain that it was no fault of
the counsel for the appellant that it was so, for they got their
information from the friend of the appellant, and having just
been employed, they had no time in which to verify the in-
formation thus obtained.    Appellant alleges in his petition
for a new trial that he did not know about the alleged evi-
dence contained in the affidavit for a continuance, except as
he got it from his counsel.    This is very unlikely, since he
states in the affidavit for a continuance that he was entirely
without money or means to employ counsel to advise him or
prepare for his defense in said action, or to hunt up the
whereabouts of his witnesses, until the 4th day of March,

1890, when his friend Riley Miller arrived from. Leavenworth and informed him of the whereabouts of witnesses material to his defense. It is unreasonable to suppose that this man, the appellant's friend, as he swears in his affidavit, came from Leavenworth to inform him of the whereabouts of material witnesses for his defense, and did not tell him what the witnesses would testify to; or that he gave appellant one version of what they would swear to, and his counsel another and a different one, or that his counsel did not correctly embody in said affidavit the information thus obtained. A perusal of this affidavit for a continuance satisfies us that appellant's complaint of negligence on the part of his counsel is without foundation. He knew whether Miller was a friend of his or not when he made the affidavit, and whether he was from Leavenworth, and, much better than counsel, must have known whether Miller's story of the evidence which witnesses named in the affidavit would give was true or false. It is alleged in the brief of the appellant that his counsel in the court below did not except to rulings of the court below, nor to the instructions. But appellant makes no complaint in his petition for a new trial of any errors in the rulings of the court or in the instructions, and therefore he cannot complain of them.

The second contention of the appellant is, that he should have a new trial on account of newly-discovered evidence, which is shown by, the affidavits of the witnesses through whom it is alleged it can be secured. Mary Allen is the first witness by whom it is said new evidence can be made. In the first place, the matter set up in her affidavit is but hearsay and is not evidence, and then any fact contained in her affidavit was fully within the knowledge of the appellant before he was tried, and therefore, if evidence at all, was not newly-discovered evidence. Nor is there any newly-discovered evidence disclosed in the affidavits of Givens and Mrs. Givens. If the appellant purchased the horse he was charged with having stolen, at the house of Mr. and Mrs. Givens, January 30, 1890, in the presence of the Givenses, he knew that fact as

well as they did, and he knew it at and before his trial. It was his duty to have had Mr. and Mrs. Givens subpœnaed to attend his trial. They lived, as their affidavits show, in Kansas City, Kas., at the time of the alleged purchase of the horse in their presence. If they had removed in the meantime to Leavenworth — and we do not know that they had, though the affidavits they make are sworn to at Leavenworth, September 24, 1890 — yet if it were true that he purchased the horse he was charged with having stolen at the house of the Givenses, in their presence, at the time they say he did, he knew as well before his trial that he could prove that fact by them as he did six months afterward. But no intimation of their knowledge finds its way into the case until September 24, 1890, six months after the trial. We do not think there is anything in the affidavits of Mary Allen and the Givenses entitling the appellant to a new trial, or to justify the granting of a new trial. The verdict in the case was amply supported by the evidence. There is very little or no room for doubt of the defendant's guilt. The appellant was seen near the barn whence the horse was taken the evening that he was stolen. It is admitted that he had the horse and traded him off very soon after he was stolen. And when *en route* from Leavenworth to jail, he inquired of the officer having him in charge if he knew the prosecutor, and if he was a hard man to deal with, and said he would give him $100 to drop the case against him. Afterward, while in jail awaiting trial, he offered the prosecutor $100 to abandon the case against him. That was not the conduct of an innocent man, who had purchased the horse, and who knew he could prove that fact by two witnesses who were present when he purchased him.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.