THE STATE OF KANSAS v. FRANK NIMERICK.

No. 14,957. (87 Pac. 722.)

SYLLABUS BY THE COURT.

CRIMINAL LAW—*New Trial—Newly Discovered Evidence.* A new trial will not be granted on the ground of newly discovered evidence unless it clearly appears that the testimony is new, material, not cumulative, and that it could not with reasonable diligence have been obtained at the time of the trial.

The State v. Nimerick.

· Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed November 10, 1906. Affirmed.

*C. C. Coleman,* attorney-general, and *C. L. Evans,* assistant attorney-general for Allen county, for The State; *R. H. Bennett,* of counsel.

*George C. Ferguson,* for appellant.

The opinion of the court was delivered by

GRAVES, J.: The appellant was convicted in the Allen county district court of selling intoxicating liquor and maintaining a common nuisance in violation of the prohibitory liquor law. After conviction he filed a motion for a new trial as to the nuisance, which motion contained several grounds, but he relied solely upon the ground of newly discovered evidence. The motion was denied, and he brings the case here for review. The only error presented is the refusal of the district court to grant a new trial. The showing made upon the application consisted of an affidavit of Charles Fisher, and the testimony given by one of the witnesses on the trial. The affidavit reads:

"Charles Fisher, being first duly sworn according to law, deposes and says:

"First, that he is at this time and has been for more than two years last past a resident of Allen county, Kansas.

"Second, that on the 1st day of January, 1904, he leased and rented the following-described property situated in Allen county, Kansas, from the agent of the owners for the period of two years, viz.: The one-story brick building situated on a tract of land in the southwest corner of the southwest quarter of section 25, township 24, and range 18, which property is more fully described in the eighth count in the information filed in the above-entitled action.

"Third, that your affiant took possession of said property on the 1st day of January, 1904, and retained possession and control of said property from January 1, 1904, to January 1, 1906, under the terms of a certain lease entered into between this affiant and the agent of the owners of said property.

"Fourth, that at no time during the life of the above-named lease did Frank Nimerick have anything whatever to do with the management or the operation of said place, nor did he work there during the time in any capacity whatsoever; neither did he sell or cause to be sold any intoxicating liquors in or around said place during the two years above named.

"Fifth, that your affiant was not in Allen county, Kansas, when the above cause came on for hearing; neither did he communicate to said Frank Nimerick or his attorneys any of the facts above set forth until your affiant had returned home and learned that said Frank Nimerick was charged, tried and convicted of operating and maintaining said described place, and further affiant sayeth not."

The evidence of the witness was, in substance, that he had been at the place alleged to be a nuisance several times and had seen the defendant there, and that defendant acted as a patron of the establishment, but not as owner, keeper or helper. No showing was made that the defendant did not know all the facts stated in the affidavit of Fisher at the time of the trial. No effort was made to have Fisher present as a witness. The statement by Fisher that he did not inform the defendant or his counsel of the facts contained in his affidavit is not equivalent to a statement that the defendant did not know, and by reasonable diligence could not have known, these new facts at or before the time of trial. There is no statement by Fisher that he will testify to the facts stated in his affidavit upon a further trial of the case, nor even that he will be present as a witness. It is suggested that if this affiant had been placed upon the stand by the defendant he would have refused to testify, upon the ground that his evidence would tend to criminate him. No assurance is given that he would not do so if a new trial should be granted, nor does the defendant say that his want of diligence in obtaining Fisher's attendance at the trial was due to his belief that such refusal would be made. The showing is insufficient.

"Before a new trial will be granted upon the ground of newly discovered evidence, it must affirmatively appear, among other things,. that it was through no want of diligence on the part of those applying for the new trial that the new evidence was not earlier discovered and produced at the trial." (*Carson, Pirie, Scott & Co. v. C. M. Henderson & Co.*, 34 Kan. 404, 8 Pac. 727. See, also, *Baughman, Sheriff, v. Penn*, 33 Kan. 504, 6 Pac. 890; *Sexton v. Lamb*, 27 Kan. 432; *Clark v. Norman*, 24 Kan. 515.)

The judgment of the court below is affirmed.

All the Justices concurring.