## H. STRONG v. S. B. MOORE.
### No. 14,776    (89 Pac. 895.)

#### SYLLABUS BY THE COURT.

1. PETITION—*Action by Assignee of a Contract—Description of Assignor.* Where a company doing business under the name of the Mount Arbor Nursery Company makes a contract for the sale of nursery stock, and afterward assigns and delivers the contract to a third person, who commences an action to recover the amount due thereon, the petition in such an action will not be fatally defective, as against an objection to the introduction of evidence thereunder, merely because it omits to describe the assignor by stating whether it is a corporation, partnership, an unincorporated association, an individual transacting business under that name, or otherwise.

2. PRACTICE, DISTRICT COURT—*New Trial—Newly Discovered Evidence.* A new trial will not be granted on the ground of newly discovered evidence unless it clearly appears that the testimony is new, material, not cumulative, and that it could not with reasonable diligence have been obtained at the time of the trial.

Error from Riley district court; SAM KIMBLE, judge. Opinion filed April 6, 1907.   Affirmed.

#### STATEMENT.

THE plaintiff in error entered into a written contract with the Mount Arbor Nursery Company, of Shenandoah, Iowa, for the purchase of 600 peach trees, to be delivered in the fall of 1902. The contract was taken for the company by the defendant in error, as its agent. By the terms of the contract payment was to be made in cash on the day of delivery; and the order could not

be countermanded. The Mount Arbor Nursery Company sold and delivered the contract to the defendant in error, and indorsed it as follows: "Pay to S. B. Moore, Mt. Arbor Nursery Co." After the contract was executed and delivered the plaintiff in error countermanded the order. The defendant in error, during the fall of 1902, delivered the trees and "heeled them in" on the premises when plaintiff in error was absent.

This action was brought in the district court of Riley county to recover the contract price of the trees. The petition contained the usual averments, stating the execution of the written contract and the indorsement thereon, giving copies, and a general averment of performance by the plaintiff. The defendant in his answer pleaded: (1) A general denial; (2) that the nursery company had no authority to do business in the state of Kansas; (3) a denial that the assignment of the contract by the nursery company to the plaintiff was genuine and that the plaintiff was the real party in interest; (4) that the contract was obtained by deception and fraud. This answer was not verified. The plaintiff replied with a general denial. Under these issues the case was tried to a jury, who found for the plaintiff.

*Alvin R. Springer*, and *Robert J. Brock*, for plaintiff in error.

*John E. Hessin*, and *John Clarke Hessin*, for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The plaintiff in error objected to the introduction of any evidence under the petition, for the reason that it did not state facts sufficient to constitute a cause of action. The objection was overruled, and this ruling of the court is assigned as error. It is insisted that the petition ought to allege specifically who the Mount Arbor Nursery Company is—whether a corporation, partnership, an unincorporated association, or

Strong v. Moore.

merely a name under which an individual transacts business—and that the omission so to aver makes the pleading fatally defective. We do not agree with this contention. The Mount Arbor Nursery Company is not a party to the action, and has no interest therein; it is merely the assignor of the contract. Such an averment would have been unnecessary if the nursery company had commenced the action instead of its assignee. (*Ryan v. Farmers' Bank of Mo.*, 5 Kan. 658; 5 Encyc. Pl. & Pr. 71, and notes 3, 4.) The execution of the contract and its assignment to the defendant in error are fully admitted by the failure to verify the answer. (Code, § 108; Gen. Stat. 1901, § 4542.) The assignment gave the assignee all the rights under the contract possessed by the assignor.

It is urged that this contract was not negotiable, and therefore that the defendant in error acquired no rights thereto. It is not claimed to be negotiable, like bills of exchange, promissory notes and other paper under the law merchant, but only that it can be transferred like other property, mere change of possession being sufficient. (Code, §§ 26, 27; Gen. Stat. 1901, §§ 4454, 4455; *Washington v. Hobart*, 17 Kan. 275, 277; *James Clark & Co. v. Wiss & Ballard*, 34 Kan. 553, 555, 9 Pac. 281; *McCrum v. Corby*, 11 Kan. 464, 470; *Krapp v. Eldridge*, 33 Kan. 106, 108, 5 Pac. 372.)

The nursery company would not be permitted to deny the name of its own adoption. The defendant in error, who as agent for the company induced the plaintiff in error to execute the contract, cannot dispute the name of his assignor, and the plaintiff in error, after dealing with the company in the name under which it transacts business, and having received and retained the property bargained for, is not in a position to cavil about names when asked to pay for what he has received on account of such transaction.

Other questions are presented which depend entirely upon the same objections, and need not be considered further.

Railway Co. v. Frogley.

Complaint is made because the court refused to grant a new trial. The ground relied upon was that of newly discovered evidence. A part of this evidence, as shown by the affidavits, is immaterial, and cumulative; no adequate diligence to procure it for the trial was shown, and in view of the discretion which courts have in matters of this character we cannot say that error was committed in this instance. (*Carson, Pirie, Scott & Co. v. C. M. Henderson & Co.*, 34 Kan. 404, 8 Pac. 727; *Baughman v. Renn*, 33 Kan. 504, 6 Pac. 890; *The State v. Tucker*, 72 Kan. 481, 84 Pac. 126; *The State v. Nimerick*, 74 Kan. 658, 87 Pac. 722.)

The issues presented by the pleadings were all fairly presented to the jury, and decided in favor of the defendant in error, which leaves nothing involved therein for consideration here.

The judgment of the district court is affirmed.