No. 23,266.

THE GERMAN AMERICAN STATE BANK, *Appellee*, v. S. J. BEAR,
*Appellant.*

SYLLABUS BY THE COURT.

1. INDEMNITY CONTRACT—*Against Loss on Promissory Notes—Notes Extended—Indemnitors Not Discharged.* Persons who sign a contract indemnifying a bank against loss on account of certain notes held by the bank are not discharged from liability by extension of time given to the makers of the notes, although the indemnitors do not consent to the extension of time.

2. SAME—*Contract Assignable.* An indemnity contract is assignable.

3. SAME—*Measure of Indemnitors' Liability.* Under such a contract as is described in the first paragraph of this syllabus, the amount of the liability of the indemnitors is measured by the notes.

4. SAME—*Several Liability of Indemnitors.* Where such a contract of indemnity is several, although signed by more than one, the obligation of each indemnitor is independent of that of the others.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed May 6, 1922. Affirmed.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt,* and *D. R. Hite,* all of Topeka, for the appellant.

*Otis E. Hungate,* and *A. E. Crane,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Judgment was rendered in favor of the plaintiff on three indemnity contracts, and the defendant appeals.

The contracts were signed by the defendant with others, and each, in a definite proportion, agreed to indemnify the plaintiff against loss on account of an indebtedness evidenced by promissory notes given by the Topeka Baseball Association to the plaintiff. The first contract was dated August 5, 1912; the second, August 17, 1912; and the third, September 28, 1912. At the time these contracts were signed, among the notes of the Topeka Baseball Association held by the plaintiff was one for $1,500. Some time after September 28, 1912, and before January 28, 1915, the plaintiff indorsed the note without recourse to the Williamstown State Bank. The plaintiff reacquired the note July 16, 1917. On June 30, 1914, four of the indemnitors, other than S. J. Bear, signed a consent to an extension of the time of the payment of the notes held by the plaintiff to March 1, 1915.

1. The defendant contends that he was a surety for the payment of the notes held by the plaintiff and that he was discharged by the extension of the notes. If S. J. Bear were a surety, his contention would be good; but his contracts were not those of surety. They were contracts to indemnify the bank against loss on account of the notes. The contracts were original undertakings on the part of Bear to protect the plaintiff against loss. Bear's obligation is found in the contract signed by him, not in the notes. If the maker of the notes failed to pay them, they became the measure of the plaintiff's loss and fixed the extent of the defendant's liability. They served no other purpose under the indemnity contracts. Those contracts did not provide for the payment of the notes according to their terms. They provided for indemnity against loss on account of the failure of the maker to pay the notes. The extension of the time for the payment of the notes did not alter the terms of the indemnity contracts and did not change the liability of the defendant thereunder.

2. The defendant contends that the $1,500 note should not be considered in estimating the amount of the plaintiff's loss. That note was a part of the indebtedness owing by the Topeka Baseball Association to the plaintiff at the time the indemnity contracts were made. That note was afterward transferred to the Williamstown State Bank and reacquired by the plaintiff. Why the plaintiff reacquired it from the Williamstown State Bank does not appear in the abstracts. Presumably the notes were negotiable. The contracts of indemnity were assignable. (*McCrum v. Corby*, 11 Kan. 464; *Strong v. Moore*, 75 Kan. 437, 439, 89 Pac. 895; *Fletcher v. Piatt*, 7 Blackford [Ind.] 522; *Jenckes v. Rice*, 119 Iowa, 451; *Marshall v. Cobleigh*, 18 N. H. 485; *MacArthur Brothers Co. v. Kerr*, 213 N. Y. 360.)

When the note was transferred to the Williamstown State Bank, a partial assignment of the contracts of indemnity was made, either actually or equitably. A difficulty might have arisen if that bank had undertaken to enforce its proportionate share of the contracts, but that difficulty would not have been insurmountable and is of no concern at the present time. When the note was transferred back to the plaintiff, it acquired whatever rights in the contract had been assigned to the Williamstown State Bank. The $1,500 note was included in the indemnity contracts in the first place, remained included in them while the Williamstown State Bank

held the note, was included in them when the note was again transferred to the plaintiff, and is included in them at this time. The situation of the defendant has not been changed.

3. Another matter contended for by the defendant is that the indemnity contracts did not provide for any rate of interest, and that, therefore, the indemnitors are liable only for six per cent interest. This contention is not good, for the reason that the indemnity contracts are not contracts to pay the notes, but are contracts to indemnify against loss. The loss of the plaintiff would include the interest on the notes.

4. The defendant contends that others of the indemnitors have paid to the plaintiff the full amount of the loss sustained by it. The indemnity contracts were not joint contracts. They provided for the liability of each and for the full extent of that liability. The liability of one had no reference to the liability of any other. If one of the indemnitors paid more than his share, through mistake, he would have the right to recover the excess from the plaintiff; that excess cannot be retained by the plaintiff and applied on the obligation of any other indemnitor. An indemnitor cannot claim the benefit of any excess paid by any other indemnitor. No one of the indemnitors can recover from the others any amount that the first may have overpaid. The relation of the indemnitors to each other is the same as it would have been if each had signed a separate instrument. 13 C. J. 574 uses this language:

"Two or more persons may bind themselves severally for the same matter, so that the creditor is simply entitled to claim the performance against each of them separately. When a several obligation is entered into by two or more in one instrument, it is the same as though each had executed separate instruments, although they may all be for the same subject matter; and consequently each obligation furnishes a several cause of action. The effect of several obligations is that, although they concern the same subject matter, each obligor is liable only for his several promise, and cannot be held for the others."

The judgment is affirmed.