No. 34,179

THE FIRST NATIONAL BANK OF SCOTT CITY, *Appellee* and *Cross-appellant*, v. ROY F. DENG, a Widower, ELVIN F. DENG, and OPAL DENG, His Wife, *Appellants*.

(87 P. 2d 513)

Opinion filed March 4, 1939.

H. O. *Trinkle*, *Roland H. Tate,* both of Garden City, and *John C. Foulks,* of Ness City, for the appellants.

R. D. *Armstrong* and D. B. *Lang,* both of Scott City, C. E. *Vance*, C. R. *Hope* and A. M. *Fleming,* all of Garden City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to foreclose a mortgage in the form of a warranty deed, accompanied by a written instrument stating its purpose. Judgment was for plaintiff, and defendants have

appealed.   Appellee has cross-appealed on the question of the amount due.

Briefly stated, the facts are as follows: The defendant, Roy F. Deng, is the son-in-law of J. W. Lough, president of the Lough Development Company, a Kansas corporation, which had undertaken to develop a large tract of land in Scott county and at times needed to borrow substantial sums of money.   Deng owned a block of stock in the corporation, had been a director, and was vice-president.   In January, 1928, the corporation was indebted to plaintiff in the sum of $6,132.25, evidenced by notes.   On January 16, 1928, the defendant, Roy F. Deng—who owned a certain 320 acres of land and certain town property—and his wife executed to plaintiff their general warranty deed for this property and at the same time executed an instrument in writing in the form of a letter, which was delivered to and received by plaintiff with the deed. The pertinent parts of this instrument read:

"I herewith hand you deed conveying" the real property above mentioned, "to be held by you to protect you from all losses on any and all obligations or liabilities of the grantors, J. W. Lough, and the Lough Development Company, now owing or later to become due. . . . until all such obligations so made are fully paid. . . ."

The indebtedness existing at the time these instruments were given was carried along by plaintiff, new notes being given by the Lough Development Company from time to time, and some payments were made.   At one time Roy F. Deng borrowed $3,000 from plaintiff on the faith of this deed and instrument and later paid that debt.   The Lough Development Company, though in financial distress, continued as a going concern until December 31, 1935, when its charter was forfeited by the state charter board for the failure of the corporation to make its report and pay fees as provided by law.

This action was commenced January 14, 1937, to determine the amount due plaintiff on the indebtedness existing when the deed and written instrument were given, and to foreclose them as a mortgage upon the real property therein described.

The principal controversy between the parties centers around the construction of the written instrument which accompanied the deed, as to whether it evidences a contract of suretyship or of indemnity.   Defendants contend it evidences a suretyship and that the surety was discharged by reason of the renewal of the notes

from time to time without their knowledge or consent, and that any cause of action plaintiff had was barred by the five-year statute of limitations (G. S. 1935, 60-306, first clause). They further contend that the corporation was insolvent in January, 1928, and never thereafter became solvent, and hence the action was barred by the same statute of limitations. They also contend there was no consideration for the instruments.

Plaintiff contends that the deed and instrument which accompanied it evidence a contract of indemnity, hence that liability under it was not discharged by renewal of the notes, nor by the fact the corporation was insolvent at the time these instruments were executed, and since, if that were the fact, since the corporation continued as a going concern until its charter was forfeited, and that the action was not barred by the statute of limitations.

The trial court sustained plaintiff's view of the nature of the instrument which accompanied the deed. This accords with our judgment. (See 31 C. J. 419 *et seq.*) The case is much like *Bank v. Bear,* 111 Kan. 193, 206 Pac. 902. There the signers of the instruments in question agreed to indemnify the bank against loss on account of an indebtedness evidenced by promissory notes given by a baseball association. Here defendants agreed "to protect" plaintiff "from all losses on any and all obligations or liabilities of . . . the Lough Development Company, now owing or later to become due," and it was to continue in force "until all of such obligations so made are fully paid." There it was held the contract was to indemnify the bank against loss, and that the signers were not discharged by the renewal of the notes. We think the same rule applies here. The rule that a surety is a favorite of the law never has had much potency when applied to guarantors and indemnitors. (*Headley v. Post,* 120 Kan. 504, 509, 243 Pac. 1042.)

The action was brought but a little more than a year after the charter of the corporation was forfeited; hence, we think it was not barred by any statute of limitations. Appellants argue that the corporation was insolvent when the deed and indemnity contract were executed and that plaintiff could have brought its action at once. Obviously, the parties contemplated no such action or the instruments would not have been given. Defendants wanted the corporation to go on with its work irrespective of its financial status, with the hope that it would improve. This also answers the question of lack of consideration. More than that, the written

instruments import consideration, and the defendant, Roy F. Deng, later borrowed money from plaintiff on the faith of the instruments.

Beginning with the amount due plaintiff in January, 1928, the court traced the payments made by or on account of the Lough Development Company and the renewal notes given at different times and for different amounts, and found the balance due plaintiff to be $3,661.94 as of the date of the judgment. Plaintiff, by its cross petition, complains of this and contends a larger sum should have been found due. The determination of this question took the nature of an accounting, and involved the consideration of record and parol evidence. The records were not clear in all instances as to what the new notes were given for. It will serve no useful purpose to set out this evidence. The trial court was in better position to analyze it than we are. We have examined all the evidence abstracted and considered all the arguments of counsel respecting it. We find no reason to disturb the finding of the trial court.

The judgment of the court below is affirmed.