No. 42,887

STATE OF KANSAS, *Appellee*, v. JAMES EUGENE COOPER, *Appellant*.

(372 P. 2d 289)

Opinion filed June 9, 1962.

*A. Price Woodard, Jr.*, of Wichita, argued the cause, and *Robert D. Watson* and *Roscoe D. Austin*, both of Wichita, were with him on the brief for the appellant.

*R. K. Hollingsworth*, Deputy County Attorney, argued the cause, and *William M. Ferguson*, Attorney General, *Robert E. Hoffman*, Assistant Attorney General, and *Keith Sanborn*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from a conviction and judgment sentencing the accused to confinement in the State Penitentiary for

a period of not less than ten nor more than twenty years on a first degree robbery charge pursuant to G. S. 1949, 21-527 and 21-530.

The questions raised are (*a*) whether the evidence presented by the record is sufficient to support a finding by the jury that the accused had a felonious intent, and (*b*) whether the trial court erred in its refusal to grant a new trial on the ground of newly discovered evidence.

The appellant, James Eugene Cooper, in his brief admits there is no question on this appeal but that he was involved in the alleged offense. This is contrary to the position which he took at the trial where his defense was alibi.

The record discloses that the appellant was charged with the crime of robbery in the first degree on the 12th day of June, 1961. The alleged act occurred at approximately 9:30 a. m. in a room at the Skaer Hotel located in Wichita, Kansas.

The complaining witness, Kirby L. Ruffin, was a bellboy at the Skaer Hotel and had retired to his room after the night's work. The appellant knocked at Ruffin's door and identified himself as D. L. Sterling, an alias. Upon Ruffin's opening the door the appellant backed him into the room with a pistol and made him lie on the bed face down. Shortly after the appellant's entry into the room Angelica Freshwater came into the room and claimed that she had lost some money and that Ruffin had taken it. Ruffin reminded her that she had found her money and had called the manager and told him she had found it. Then according to Ruffin's testimony Angelica said, "Well, you don't owe me no money. You didn't take none. You owe me $33 for a doctor bill." He then said, "Why would I owe you for a doctor bill?"

Ruffin denied that he owed her $33 for a doctor claiming that she had had a doctor at the hotel treating her for asthma. Thereupon the appellant told Ruffin to give Angelica $33, and when he said he only had $9, the appellant ordered him to give that to her.

Ruffin in his testimony identified Angelica Freshwater as an Indian girl who had previously been in the hotel. According to Ruffin when she came into his room she said, "I told you I would be back."

Ruffin testified that the appellant said, "I bring these girls to town to work, keep them prostituting and you boys won't let them work. You called these boys around town and won't let her work. You got her checked out of the Eaton."

After Ruffin had given nine one dollar bills to the appellant, he then testified concerning the appellant as follows:

"A.  Then he told me to send him $50 down to the Roaring Twenties Night Club.  I told him I didn't have $50.  He said, 'Well, I don't care how you get it or where you get it but have it down there by 9 o'clock tonight.'  I asked him how.  He said, 'Well, go to the Western Union and get a money order made out to cash and send it to the Roaring Twenties Night Club.'

"Q.  After he told you that what happened, Mr. Ruffin?

"A.  Well, that was about the end.  He decided he would go then.  They left shortly, along about that time or right after.  I think that is the last thing he said, to be sure to have the $50 to the Roaring Twenties Night Club by 9 o'clock that night."

Thereafter police officers were called and apprehended the appellant who was identified by Ruffin.  A pistol taken from the appellant was identified by Ruffin at the trial, and also by a police officer who identified it by serial number.

At the time of apprehension the appellant denied that he knew Angelica Freshwater, and consistent with his defense of alibi he did not tell his trial attorney about her testimony as given at the hearing on the motion for a new trial, and she was not called as a witness.

The jury rejected the appellant's evidence on the defense of alibi and found him guilty of robbery in the first degree as charged.

Counsel who represented the appellant at the trial filed a motion for a new trial within time specifying various trial errors, but thereafter the appellant employed new counsel who filed a supplemental motion for a new trial specifying for the first time the ground of newly discovered evidence.  This evidence presented at the hearing on the motion for a new trial consisted of the testimony of Angelica Freshwater.

Whether the evidence before the trial court was sufficient to sustain a finding of guilt was first raised by the appellant's motion for discharge.

The appellant argues that Ruffin denied he owed money to the appellant's companion and co-defendant in the lower court, but that the appellant insisted he did owe money to the co-defendant and through the use of force persuaded the complaining witness to give him the sum of $9.  Under these circumstances it is argued (citing *State v. Goldsberry*, 160 Kan. 138, 160 P. 2d 690; and 32 Am. Jur., Larceny, § 41, p. 936) that one who takes property in good faith, under fair color of claim or title, honestly believing that he is its owner and has a right to its possession or that he has a right to

take it, is not guilty of larceny even though he is mistaken in such belief, since in such case the felonious intent is lacking. The appellant contends the State has not clearly shown that he was not acting under a color of right or belief that he was entitled to the property which he took. We fail to see merit in this contention.

The only testimony at the trial on this point was that of Ruffin, who related the conversation which he had with the appellant and Angelica Freshwater. The jury was entitled to believe that this was nothing more than a thinly veiled excuse to rob and extort money from Ruffin. In addition to the foregoing testimony of Ruffin the jury had before it the fact that the appellant disguised his identity to Ruffin by using a fictitious name, D. L. Sterling; that he tried to extort more money than he claimed was owed; that the appellant first tried to disguise his identity to the police; that the appellant denied any knowledge of the incident to the police; and that he denied knowing Angelica Freshwater.

In *State v. Goldsberry,* supra, there was a dispute over the ownership of cattle and the defendant openly took the cattle to shear them so the brand would show. The uncontroverted evidence was that the defendant took the cattle in good faith with the intent to keep them temporarily only, if he determined that he did not own them.

In reviewing an order overruling a motion to discharge in a criminal case this court on appeal examines the record to determine whether there is an absence of substantial evidence proving or tending to prove the essential elements of the crime charged. If from all the facts and circumstances disclosed by the evidence the jury might have reasonably drawn an inference of guilt, the defendant's motion for discharge is properly overruled, and the verdict of guilty will not be disturbed. (*State v. Dill,* 182 Kan. 174, 319 P. 2d 172, and authorities cited therein.)

It must also be borne in mind that in criminal prosecutions any essential elements of the crime charged may be proved by circumstantial evidence. (*State v. Dill,* supra; and *State v. Goldsberry,* supra.) Furthermore, it is axiomatic that a person is presumed to intend the natural and probable consequence of his voluntary and deliberate act, and if the commission of an unlawful act is proved, it will be presumed that such act was done with criminal intent. (*State v. Eye,* 161 Kan. 69, 166 P. 2d 572, and authorities cited therein.)

To honor the appellant's contention that he should have a new

trial on account of newly discovered evidence would, in substance, permit the appellant to take an inconsistent position on appeal. His defense at the trial of the case was alibi, and he presented his evidence upon that theory. The newly discovered evidence which he now asserts for a new trial, being the testimony of Angelica Freshwater, is not newly discovered evidence. It is an attempt to assert an inconsistent defense. To be newly discovered evidence it must be such that the defendant at the time of the trial was not aware of such evidence. (*State v. Currens*, 46 Kan. 750, 27 Pac. 140; *State v. Cardwell*, 90 Kan. 606, 135 Pac. 597; and *State v. Fry*, 131 Kan. 277, 291 Pac. 782.)

If the appellant was with Angelica Freshwater on the morning of June 12, 1961, as he now admits and previously denied, her testimony is not newly discovered evidence because the appellant must have known at the time of the trial all that he knows now concerning her testimony and her ability to testify to the facts.

Before a new trial will be granted upon the ground of newly discovered evidence, it must affirmatively appear, among other things, that it was through no want of diligence on the part of those applying for the new trial that new evidence was not discovered sooner so that it could have been produced at the trial. (*Carson, Pirie, Scott & Co. v. C. M. Henderson & Co.*, 34 Kan. 404, 8 Pac. 727; *State v. Nimerick*, 74 Kan. 658, 87 Pac. 722; and *State v. Chaplain*, 101 Kan. 413, 166 Pac. 238.)

In *State v. Nimerick*, supra, it was said:

"A new trial will not be granted on the ground of newly discovered evidence unless it clearly appears that the testimony is new, material, not cumulative, and that it could not with reasonable diligence have been obtained at the time of the trial." (Syl.)

We conclude the trial court did not err in denying the appellant's motion for a new trial on the ground of newly discovered evidence. Such action was within its power of discretion. (*State v. Leigh*, 166 Kan. 104, 199 P. 2d 504.)

The judgment of the trial court is affirmed.