No. 43,492

The State of Kansas, *Appellee*, v. Claud Simpson, *Appellant.*

(386 P. 2d 192)

Opinion filed November 2, 1963.

*W. C. Jones,* of Olathe, argued the cause and was on the briefs for the appellant.

*A. L. Moffat,* county attorney, argued the cause and *William M. Ferguson,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: This is an appeal by the defendent Simpson from his conviction of defrauding Charley O'Hern of the value of a W-930 Case tractor, the price of which was between $3500 and $3600.

O'Hern, a resident of Hennessey, Oklahoma, together with a neighbor, Lambert Kuzik, went to Kinsley, Kansas on or about May 21, 1962, where he met Claud Simpson. At this time, Simpson priced to him the tractor involved here, a tandem disk and a one-way plow. O'Hern, after some dickering, and believing the tractor belonged either to Simpson or the Fox Company, the Case implement dealer in Kinsley, made the purchase of the three items and gave several checks to Simpson that day totaling $4,550.00. The checks were made payable to defendant and to other persons as payees, under the supervision of Simpson. All these checks were paid by O'Hern.

Simpson delivered the property to O'Hern's home in Hennessey, Oklahoma. However, it was shown that Simpson did not have title to nor had he any right to sell or remove the tractor from Edwards county. The title to the tractor remained in the Case Credit Corporation. When the Case Credit Corporation discovered

that the tractor had been removed, they questioned Simpson and were told by him that the tractor was in Idaho. Later, having found that the tractor was, in fact, in Oklahoma, the Case Credit Corporation filed a replevin action at Hennessey, Oklahoma to recover the tractor. O'Hern consulted a lawyer and was told that there was nothing he could do to defeat the replevin action so he turned over the tractor to the Case people. Then he proceeded to come back to Kansas with blood in his eye and brought a criminal action sounding in fraud against Simpson.

If Simpson had paid the full amount he received as partial payment from O'Hern to Fox or to Case, he would have been in no trouble but he did not turn over enough of the amount to satisfy the mortgage.

One of the matters urged on the appeal is that there was a motion for a directed verdict and in an attempt to bolster the fact that a directed verdict should have been given, appellant cites the case of *State v. Cooper*, 190 Kan. 101, 372 P. 2d 289. It would appear that appellant has failed to be guided by the rule in the Cooper case. The second paragraph of the syllabus in this case reads as follows:

"In reviewing an order overruling a motion to discharge the defendant in a criminal case, the Supreme Court on appeal examines the record to determine whether there is an absence of substantial evidence proving or tending to prove the essential elements of the crime charged. If from all the facts and circumstances disclosed by the evidence the jury might have reasonably drawn an inference of guilt, the defendant's motion for discharge is properly overruled and the verdict of guilty will not be disturbed."

Another case which follows the same rule is *State v. Handke*, 185 Kan. 38, 340 P. 2d 877. See, also, *State v. Goetz*, 171 Kan. 703, 237 P. 2d 246.

Appellant contends the trial court erred in refusing to give to the jury his requested instructions identified as Nos. 1 and 2; and it also erred in giving Instruction No. 3 to which he objected. From a careful study of these instructions, it appears the substance of Instructions Nos. 1 and 2 was included in the Court's instructions submitted to the jury. We call attention to *State v. Parker*, 177 Kan. 39, 276 P. 2d 317, in which the court held in the syllabus:

"1. Error may not be predicated on refusal to give requested instructions when it appears that those given contain the substance of those refused."

After a thorough consideration of Instruction No. 3, where it was stated "that one in possession of personal property offering it for sale without any statement as to the conditional title or lien, thereby

represents that he is the owner of said property and has a legal right to sell the same," we conclude there is no merit in appellant's contention that giving such instruction to the jury was improper.

It will be noted that the court gave appellant fifteen to thirty years as an habitual criminal under G. S. 1949, 21-107a. Appellant raises the question whether he can be classed as an habitual criminal. The State of Kansas served written notice on the appellant on December 5, 1962, as follows:

"You are hereby notified that the State of Kansas will in the above entitled action offer proof of prior convictions of the defendant in this case, prior to final judgment and sentencing of the defendant in the above entitled action and will request the court, if and when sentence is imposed upon you in this action that judgment and sentence be pronounced under and by virtue of the provisions of 21-107a G. S. 1949."

The State furnished certified copies of prior convictions in the State of Missouri—convictions of forgery on August 23, 1949 and on August 3, 1953, and a conviction for escaping confinement on January 20, 1955. These former convictions were fixed in the record and were not denied.

There seems to be ample evidence to support the decision of the trial court. The judgment is affirmed.