[No. 13980.   Department Two. — January 3, 1891.]

O. L. ABBOTT, RESPONDENT, *v.* THE '76 LAND AND WATER COMPANY, APPELLANT.

LANDLORD AND TENANT — LEASE — OPTION TO PURCHASE — RENEWAL — PAROL EXTENSION OF OPTION — CLAUSE OMITTED BY AGREEMENT. — An option to purchase inserted in a lease for one year, with the understanding that the lease may be renewed from year to year, not exceeding two more years, and that the option may be exercised upon previous notice on the 1st of October in any year throughout the entire tenancy, at prices to be fixed by the lessor annually, continues under a renewed lease for a second year, though the clause mentioning the option is left out of the second lease, by agreement, as unnecessary, with the mutual understanding and agreement that the option was nevertheless extended.

ID. — PURCHASE PRICE. — The purchase price remains as specified in the lease for the first year, if the lessor did not avail himself of the right conferred by the terms of the contract to change the price for the second year, but merely refused to receive the money tendered, and repudiated the contract when the option was exercised under the second lease.

ID. — SPECIFIC PERFORMANCE — EVIDENCE — CORPORATIONS — DECLARATIONS OF SECRETARY — MANAGING AGENT. — In an action to enforce the option to purchase against the corporation lessor, statements made to the plaintiff by the secretary of the corporation, at the time of the renewal, as to the immateriality of the omission and the extension of the right of purchase under a general rule of the corporation, are admissible in evidence against the corporation, it appearing that the secretary had charge of its business, and acted for it in the leasing and selling of its lands.

APPEAL from a judgment of the Superior Court of Fresno County.

The following facts appear in the findings of the court: The defendant, since July 7, 1882, has been a corporation under the laws of the state of California, and is the owner of large bodies of land situated in the counties of Fresno and Tulare, and of certain waters, canals, and water rights, by which its lands could be irrigated. The principal business of the corporation is the sale of its lands, with the water and water privileges from its canals, to such persons as it could induce to buy the same, and also by farm leases on shares, or cropping contracts, to obtain revenue from the lands while they might remain unsold. To effect these purposes, the corporation defendant, on or about the sixteenth day of October, 1883, adopted a plan to induce farmers to take the lands upon leases on shares, or cropping contracts, for one year, with the privilege of extending the same from year to year, for a period of not to exceed two additional years, the tenant to have the option to buy the land leased by him, throughout the entire time while his lease existed, either by the original term of one year, or any extension of said term, at prices to be fixed by the corporation annually, the purchase price to be payable one fourth cash when the purchase should be made, and the balance

three years thereafter, the deferred payment to bear interest at the rate of eight per cent per annum, the tenant, if he should elect to buy, to notify the corporation before the first day of October of the year in which he made such election, and his purchase to be made as of that date, the corporation to have the right to change and fix the price of the lands leased before October 1st of each year, which price so fixed was to remain the price of the lands for the following year, and unless such change of price was made, that which had before been put on the land should remain until a change should be made, to take effect on the first day of October thereafter. To carry out this system, and to offer it to the public, the defendant caused to be printed maps of its lands, and pamphlets and circulars detailing and showing its system of leasing, and giving options to buy, and declared that it would give to all persons who should take its lands on farm leases, or cropping contracts, an option to buy the lands so taken respectively by them at any time during the existence of such leases or extensions thereof, at the prices so fixed.  On December 7, 1885, the plaintiff, O. L. Abbott, leased 320 acres of the defendant's lands in Fresno County, under a farm lease, on shares, for one year, embodying all the terms of the plan or system of the corporation defendant as above described, and fixing a price of fifteen dollars per acre for the lands if purchased on or before October 1, 1886, in accordance with the rules of the corporation, and giving the lessee the privilege of renewing the lease from year to year for a period not exceeding two years from the time of the expiration of the lease.  Plaintiff elected to continue his lease and option to buy for the year after October 1, 1886, and gave defendant proper notice of his election.  Defendant accepted the notice and demand for the extension. Defendant had found that the filling out of the portion of the blanks which referred to the options to buy made requisite a considerable amount of clerical labor and

consequent expense to the corporation, which it deemed needless, as by its system and rules all parties who took leases, or cropping contracts, had the option to buy at any time while the leases or extensions thereof existed, and as there were many leases, or farming contracts, in effect and operation, and the respective tenants or croppers had given notice of their respective elections to extend their leases for another year, the corporation defendant erased, by drawing red-ink lines over, the printed clauses in their forms relating to the option to buy in all extensions for the year from October 1, 1886, to October 1, 1887. The second paper was, in all respects other than the erasure, the same as the original, of which it was to be the extension. There was no consent by plaintiff to the erasure; but it was mutually understood and agreed upon by both parties that the option to buy continued, and was mutually intended to continue, under the extension, and so long as the lease, or cropping contract, between the parties existed. There was never any abandonment or waiver by plaintiff of the option to buy, or of his privilege to purchase under it. Before the expiration of the second year, plaintiff elected to purchase the lands leased by him, and tendered to the defendant one fourth of the purchase-money, and offered to comply in all respects with the terms of purchase contained in the first lease, the price not having been changed by any notice from the defendant. The defendant refused to accept the money, and denied the existence of any right of the defendant to purchase the leased land. On the trial, it was proved that S. F. Earl, the secretary of the corporation defendant, had charge of the business of making and renewing leases; that the renewal of plaintiff's lease was presented to him by Mr. Earl, and that he then stated that it was immaterial about that stipulation being in the lease, and that the board had made a general rule covering that whole ground. This evidence was objected to as not binding upon the defendant. The court rendered a decree speci-

fically enforcing the contract of purchase as claimed by the plaintiff.

*Jarboe, Harrison & Goodfellow*, for Appellant.

The written contract contained in the second lease is supreme, exclusive of the advertisements and all previous negotiations and communications between the parties. (Civ. Code, sec. 1625; *Insurance Co.* v. *Reese*, 8 Ga. 534.) There is no oral agreement of purchase with part performance, as the possession and improvements are not referable exclusively to the contract of sale as distinguished from the lease. (*Anson* v. *Townsend*, 73 Cal. 418; *Johnston* v. *Glancey*, 4 Blackf. 94; 28 Am. Dec. 45.) The opinion of Earl as to the immateriality of the omission from the lease was not admissible. The company is not responsible for his statements of opinion. (*Montgomery* v. *Keppel*, 75 Cal. 128; 7 Am. St. Rep. 125.)

*Thompson & Thompson*, for Respondent.

The privilege of purchase may be specifically enforced. (*De Rutte* v. *Muldrow*, 16 Cal. 505; *Laffan* v. *Naglee*, 9 Cal. 662; 70 Am. Dec. 678; *Hall* v. *Center*, 40 Cal. 63; Reed on Statute of Frauds, sec. 362.) The advertisements of defendant gave the option. (*S. P. R. R. Co.* v. *Terry*, 70 Cal. 484; *Boyd* v. *Brinckin*, 55 Cal. 427.) Declarations of an agent within the scope of his authority may bind or estop the principal. (*Simson* v. *Eckstein*, 22 Cal. 592, 593; *Garver* v. *Downie*, 33 Cal. 182.) The renewed lease was not a new contract. The option in the first lease was never given up, forfeited, or canceled.

THORNTON. J.— The option in plaintiff to buy the land under the lease, or cropping contract, entered into by the plaintiff and defendant, bearing date the seventh day of December, 1885, continued for two years from the first day of October, 1886. It makes no difference that it was not inserted in the second lease.

It was left out of the second lease by agreement, as something unnecessary. The defendant had a right to change the purchase price during the execution of the lease, provided it did so prior to the 1st of October of each year. It never did change this price. It therefore remained as in the first contract. The plaintiff exercised and gave notice of his intention to purchase, under the option clause above mentioned, on the 3d of September, 1887, and then offered to pay the installment of the purchase-money then due, .viz., one fourth of it, and interest on the portion not then due, and offered to comply in all respects with his contract. The defendant refused to receive the money, and repudiated its contracts with the plaintiff. We think that the judgment is correct, and in accordance with the principles of law, and should be affirmed.

The statements of the secretary of the defendant corporation made to plaintiff were properly admitted. It is evident that the conduct of the whole business was left by the company to him; that he was fully authorized to act, and did act, for the company in its dealing with plaintiff, and others in the like situation, in regard to the business connected with the leasing and disposition of its lands. The determination of this action by the court below is in accordance with well-settled legal principles. The record shows no error.

Judgment affirmed.

SHARPSTEIN, J., and MCFARLAND, J., concurred.

Hearing in Bank denied.