THE CUDAHY PACKING COMPANY v. ROBERT HAYS,
*a Minor, etc.*

No. 14,642. (85 Pac. 811.)

SYLLABUS BY THE COURT.

1. CORPORATIONS—*Injury to Employee—Notice of Defective Appliance.* In an action to recover for injuries sustained by an employee of a corporation because of a defective appliance, the knowledge of a representative of the corporation (a foreman in charge of the department where the defective appliance was used) of the defect is the knowledge of the corporation, and testimony of an admission made by such foreman, in connection with the management of such business, that he knew of the defect, is admissible to show the knowledge of the corporation.

2. EVIDENCE—*Irrelevant Answer by a Witness—Motion to Strike Out—Waiver.* Where the answer of a witness to a proper question is in part irrelevant and improper, a motion to strike

Cudahy v. Hays.

out the objectionable part should be made; and if it is not brought to the attention of the trial court its reception is not available error on review.

3. NEW TRIAL—*Newly Discovered Evidence—Showing of Diligence.* Before a new trial will be awarded on the ground of newly discovered evidence there must be, among other things, a clear showing that by the exercise of reasonable diligence on the part of the applicant it could not have been procured for the trial.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed June 9, 1906. Affirmed.

*Warner, Dean, McLeod, Holden & Timmonds,* and *McFadden & Morris,* for plaintiff in error.

*S. C. Miller,* and *W. M. Whitelaw,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Robert Hays against the Cudahy Packing Company to recover damages for personal injuries sustained by Hays by reason of the alleged negligence of the company. Hays was an employee of the company whose principal duties were performed on the second floor of a smoke-house, and who was sometimes employed to remove ham-racks from the third to the second floor of that house. On the occasion of his injury he was directed by the foreman to go to the third floor and bring down some meat-racks. These meat-racks were suspended from an overhead iron-rail system which included switches by which the racks could be moved to the different apartments of the smoke-house. When Hays went to the room on this mission he claims to have inadvertently touched a heavily loaded meat-rack, and that it fell and injured his foot. The reason it fell, as he alleges, was that a bolt supporting the end of a rail was out of place, allowing the rail to sag down at a sharp incline, and the switch being open at the time the meat-rack, when moved, ran down the incline and

upon his foot. As the room was somewhat dark at the time Hays did not discover the defect in the rail. The jury found in his favor and awarded him $450 for the injury sustained.

A ruling on the admission of testimony is first complained of by the company. Bailey was the foreman in charge of the department in which Hays was working. While giving the circumstances of the injury Hays was asked and answered the following question:

"State . . . what, if anything, Mr. Bailey, the foreman, said to you immediately after the accident in regard to his knowing that this switch was out of order. Ans. He says to me, after I and him goes up there, he says, 'I went myself about two or three days ago and told the millwright to have the fellows come right here and fix this switch.' He says, 'I told him two or three days ago to come and fix it,' and he says, 'if they had come and fixed this switch,' he says, 'this never would have occurred.' "

A proper objection was made to the question, but none was made to the answer, nor was there any motion to strike out any portion of it. Having shown the defect which occasioned the injury, it became necessary for Hays to prove either that the company had knowledge of its condition or that it had existed so long that knowledge of its condition would be implied. The inquiry was as to what was said by Bailey immediately after the injury in regard to his knowledge of the defect, and, while the answer was much broader than the question, the inquiry elicited testimony of an admission that Bailey had known for several days that the appliance was out of order, and of a statement to some extent explanatory of the existing condition of the appliance. Bailey was the foreman in charge of the department—the representative of the company— and his knowledge was the knowledge of the company. The corporation could only act through its managing agents, and, as Bailey was the manager of that department, he stood in the shoes of the company, and his knowledge is legally imputable to the company. The

knowledge which a corporation has of its operations is that acquired by its representatives and managing agents. When such a representative has knowledge of the condition of an appliance in use the corporation may be said to have that knowledge, and his admission of such knowledge, made in connection with the business he is managing, may be treated as the principal's admission. It is not an admission that an .employee of the company failed in his duty, nor that the company was negligent. The virtue of the admission is not so much that it was made immediately after the time of the injury as that it was made by a representative of the company whose knowledge was necessarily that of the company itself. (*St. L. & S. F. Rly. Co. v. Weaver,* 35 Kan. 412, 11 Pac. 408, 57 Am. Rep. 176; *Baltimore Elevator Company v. Neal,* 65 Md. 438, 5 Atl. 338; *Abbott v. '76 Land and Water Co.,* 87 Cal. 323, 25 Pac. 693; *Halsey v. Lehigh Valley R. R. Co.,* 45 N. J. Law, 26; 2 Whart. Law of Ev. § 1170; 3 Wig. Ev. § 1797.)

The question itself was not improper. It is true the answer of the witness was wider in its scope than the question, and a part of it was neither responsive nor competent. But the attention of the court was not called to the answer by an objection, and, as no motion was made to eliminate the objectionable part, the company is not in a position to complain of that feature. The way to get rid of an improper answer to a proper question is by a motion to strike out that which is objectionable.

The other objections to rulings admitting testimony are not deemed to be material.

No error was committed in overruling the demurrer to the evidence of the plaintiff. It is said that there is no showing that the company knew, or should have known, of the defect in the appliance; but, as already seen, there is the direct testimony of an admission by the foreman that he had knowledge of the defect.

We find no error in the rulings in charging the jury. The instruction asked by the company to the effect

that under the pleadings the sole ground of the negligence was the insufficiency of the light was properly refused. The principal ground upon which a recovery was sought was the defective appliance, and the averments regarding the insufficiency of the light were manifestly made to account for the fact that Hays did not observe the defect and to avoid the implication of contributory negligence. The instructions given state the law correctly, and are not open to the charge of broadening the issues.

A new trial was asked on the ground of newly discovered evidence. The new testimony alleged to have been discovered since the trial appears to be largely contradictory of that given by Hays. If it be granted that the testimony proposed is material, and not merely cumulative or contradictory of that given on the trial, the showing of diligence to produce it at the trial is not sufficient. An affidavit is made by one of the counsel for the company to the effect that an effort was made by him to discover this evidence and that it was impossible to do so, but no good reason is shown why the names and locations of the employees working with, and who were near to, Hays when the accident occurred could not have been ascertained by the exercise of reasonable diligence. Before a new trial is granted on this ground a strong showing of diligence is necessary, and if the diligence used since the trial, and which appears to have been no more than reasonable, had been exercised before the trial the testimony might have been procured.

We discover no prejudicial errors in any of the rulings of the trial court, and its judgment is therefore affirmed.

All the Justices concurring.