No. 18,607.

HARRY G. DALY, *Appellee*, v. WALTER S. GREGG, *Appellant*.

SYLLABUS BY THE COURT.

NEW TRIAL—*Newly Discovered Evidence—Merely Cumulative.* The rules that diligence must be shown in order to entitle a party to a new trial on the ground of a lack of opportunity to present his evidence, and that in order to require a new trial for newly discovered evidence such evidence must be shown not to be merely cumulative—followed.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed February 7, 1914. Affirmed.

*E. S. McAnany, M. L. Alden, T. A. Milton,* all of Kansas City, and *Percy A. Budd,* of Kansas City, Mo., for the appellant; *H. S. Julian,* of Kansas City, Mo., of counsel.

*John E. McFadden,* and *O. Q. Claflin, jr.,* both of Kansas City, for the appellee.

Daly v. Gregg.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued for $1955.10 on an account for labor and material. The defendant denied the indebtedness and claimed that the plaintiff owed him $684.99. At the close of a jury trial lasting five days a verdict was returned in favor of the plaintiff for $1290.01 and a new trial was asked for on the grounds that the defendant was not offered a reasonable opportunity to present his evidence and be heard on the merits, and newly discovered evidence. The motion was denied and from this ruling the defendant appeals.

As to the first ground the showing made was to the effect that the plaintiff had been away engaged in contract work and did not expect the trial to be reached as soon as it was, but did not indicate proper diligence, and no error is apparent in the ruling of the court respecting this ground.

The alleged newly discovered evidence went to the value of putting in and removing test pumps, and from the defendant's affidavit there is an intimation that the plaintiff and other witnesses testified that it was worth $50 each, and the names of a number of witnesses are given whose testimony it is claimed could be had if a new trial were granted, whose testimony would be to the effect that instead of $50 the reasonable value would be about $10. It is impossible to tell from the record what effect upon the jury the evidence as to the value of the test pumps had or what evidence was introduced, but from the intimation referred to it would seem that the testimony now sought to be used would be cumulative and no reason is shown why it could not have been had at the trial had proper diligence been used. It was alleged that the defendant was prevented from having these witnesses present but no reason is given why their depositions could not have been taken. The itemized bill shown in plaintiff's brief gave full warning of a $50 charge for putting in and removing test pumps

and the defendant can not consistently claim that he was surprised at evidence which went to establish such charge as reasonable. The verdict and the difference between the claims of the two parties show that the jury either credited the plaintiff's claim with almost the entire amount of the defendant's claim, or else discarded the latter and reduced the former; and while it is impossible to determine from the abstract how many test pumps were in controversy there is nothing to show that the value of putting in and removing, testified to by the plaintiff, was taken as true by the jury.

While the granting of a new trial is largely discretionary its refusal can not be availed of unless material error is shown. The rule laid down in *City of Sedan v. Church,* 29 Kan. 190, cited by counsel, is that a new trial should be granted whenever in the opinion of the trial court the party has not in all probability had a reasonably fair trial. The civil code (§ 307) provides that a new trial shall not be granted unless on the pleadings and on the evidence offered at the trial and on the motion for a new trial the court shall be of the opinion that.the verdict or decision is wrong in whole or in some material part.

The affidavits of two witnesses as to their knowledge of the value of putting in and removing test pumps were offered but it appears that the testimony of these could have been had upon trial by the use of ordinary means and diligence.

To require the granting of a new trial on the ground of newly discovered evidence a clear showing of diligence is necessary (*Cudahy v. Hays,* 74 Kan. 124, 85 Pac. 811), and that it is not cumulative (*Strong v. Moore,* 75 Kan. 437, 89 Pac. 895). Certain other questions suggested touching the appeal and the code requirement of producing the evidence on a motion for a new trial need not be considered, as regardless of them the ruling of the trial court appears to have been correct.

Such ruling is therefore affirmed.