# JANUARY TERM, 1917.

## PRESENT:

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. SILAS W. PORTER,
HON. JUDSON S. WEST,            } JUSTICES.
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,

No. 20,142.

FRED P. PASHO, *Appellee,* v. N. S. BLITZ, *Appellant.*

### SYLLABUS BY THE COURT.

1. NEW TRIAL—*Incidents Transpiring in Trial Court—Effect for Determination of Trial Court.* Where the grounds urged for a new trial are certain extraneous incidents transpiring in court concurrently with the trial which may have prejudiced the jury, the determination of the trial court thereon is ordinarily conclusive.

2. NEW TRIAL—*Cumulative Evidence.* Rule followed that a new trial is not demandable as a matter of right on a showing of mere cumulative evidence adduced in support of the motion for a new trial.

3. NEW TRIAL—*Absent Witness—Diligence Required.* Rule followed that where a new trial is sought on account of the absence of a material witness at the trial, diligence to ascertain the whereabouts of such witness and to secure her attendance must be shown.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed January 6, 1917. Affirmed.

*John W. Newell,* and *William Wallace,* both of Topeka, for the appellant.

*Otis E. Hungate,* of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J. : The plaintiff was given judgment in replevin for the value of certain restaurant equipment purchased by defendant from plaintiff's wife.

The defendant complains of the prejudicial effect of the introduction of certain evidence, which was later stricken out by the court with instructions to the jury to disregard it. This evidence was intended to connect a brother of defendant with the transaction whereby defendant acquired the property from plaintiff's wife. This brother had a lawsuit in the same court about the time this case was tried. The jury or some of the jurymen in this case were in the court room part of the time when the brother's case was being tried, and they heard part of the evidence of the brother, admitting that his testimony did not harmonize with testimony he had theretofore given in a federal bankruptcy proceeding. They also heard the defendant's brother denounced as a perjurer and his alleged knavery roundly condemned. The defendant contends that the jury were bound to infer that he was tarred with the same stick as his brother, and that this situation was not cured by the ruling of the court instructing the jury to disregard the evidence tending to connect the denounced and discredited brother with this case. Defendant says that all this prevented him from having a fair trial. On the printed page, it might appear so. But, on the other hand, the code provides:

"A new trial shall not be granted . . . unless . . . on the motion for a new trial the [trial] court shall be of opinion that the verdict or decision is wrong," etc. (Civ. Code, § 307.)

The trial court, before whom these matters transpired, could survey a situation of this sort much better than this court, and its judgment that a new trial of defendant's cause was not necessary must stand, under well-established principles of appellate procedure. (*City of Sedan v. Church,* 29 Kan. 190, syl. ¶¶ 2-4.)

A new trial was also demanded because the whereabouts of defendant's most important witness, the plaintiff's wife, from whom defendant bought the property, was unknown at the time of the trial. Her affidavit in support of defendant's motion for a new trial is before us. It tells of a settlement between her and her husband, whereby the restaurant was turned over to her, and of a divorce proceeding instituted by her against her husband about the same time. This evidence was largely cumulative of what was otherwise developed at the trial—better, perhaps, and more positive evidence than

it had been possible for defendant to produce without her testimony—but still cumulative. New trials are not demandable as a matter of right on that account. (*Klopp v. Jill*, 4 Kan. 482; *Mitchell v. Stillings & Fenlon*, 20 Kan. 276; *The State, ex rel., v. Creager*, 97 Kan. 334, syl. ¶ 4, 155 Pac. 29.) The evidence narrated in the affidavit was not "newly discovered." It was merely not on hand at the trial, and defendant does not make a very strong showing of diligence to have the missing witness in attendance or her deposition on file. (*Smith v. Williams*, 11 Kan. 104; *Manufacturing Co. v. Rice*, 95 Kan. 816, 149 Pac. 742.) It could hardly have been an arduous task to locate her, seeing she had a divorce suit then pending in the same court, and was represented therein by an attorney of the local bar. It does not appear that a continuance was requested on account of the temporary disappearance of this prospective witness. Moreover, the fact that plaintiff and his wife had made a settlement whereby she was to receive the restaurant property was not seriously denied. But plaintiff contended that the terms of the settlement included a stipulation that the wife should pay the debts against the restaurant business. Plaintiff also contended that the defendant knew that the settlement had been avoided because his wife had failed to satisfy these debts, and that defendant knew that plaintiff still claimed to be the owner of the property at and before the time he purchased it from plaintiff's wife. This part of the record has not been abstracted but that such evidence was adduced is not denied.

The other errors assigned have been carefully considered, but need no discussion.

The judgment is affirmed.