No. 20,930.

FELIX LAGNEAU, *Appellant*, V. ARTHUR BOURCE, *Appellee*.

SYLLABUS BY THE COURT.

MORTGAGE—*Alleged Payment—Failure to Satisfy of Record—Findings—Evidence—New Trial.* Rules followed that findings of fact supported by the evidence must stand, and that usually new trials will not be granted for newly discovered evidence which is at most only impeaching.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed June 9, 1917. Affirmed.

*C. A. McNeill,* of Columbus, and *Maurice McNeill,* of Kansas City, Mo., for the appellant.

*Al. F. Williams,* and *A. L. Majors,* both of Columbus, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover $100 damages for failure to satisfy a mortgage, for cancellation, to quiet title, and to recover attorney's fee, all arising out of an alleged failure to satisfy a deed taken as security for a $525 loan which the plaintiff claimed had been paid. The defendant denied payment, and on his cross-petition recovered judgment for the full amount of the loan. The plaintiff appeals.

The case was tried by the court, the evidence was conflicting, and there was enough to support the findings of fact and conclusions of law, which were against the plaintiff. The chief complaint is of the refusal to grant a new trial for newly discovered evidence. The plaintiff testified that he got the money from his father to repay the loan and paid it to the defendant

Lagneau v. Bource.

between seven and eight o'clock in the evening; that he went down with his wife to pay him; that the defendant, his father-in-law, procured the money to make the loan from August Ovine, who was paid on the day the defendant was paid. That when the payment was made himself and wife, defendant and wife and Ovine were all in the house; that he paid the $500 in twenty-dollar bills, interest in a ten-dollar and a one-dollar bill. The plaintiff's father testified that he loaned the son $500 on the 22d day of December, all the family being present. Two brothers testified that they saw the father hand $500 to the son. The defendant swore that the money belonging to the plaintiff was borrowed partly from Ovine and partly from a brother; that he paid Ovine in two two-hundred-dollar payments and had receipts therefor, which he produced. He denied any payment by the plaintiff. Plaintiff's wife testified that she never saw him give her father any money, and that she was not living with her husband at the time of the trial. The defendant's wife denied the payment and testified to knowing that her husband paid back the money to Ovine, and that the money they paid Ovine came from the sale of cattle, $188.99, and the work of three men; that the cattle were sold in 1913 to Mr. Beltram, and that they sold stock and pigs to him.

On a motion for new trial an affidavit of Mr. Beltram was offered to the effect that the only sum ever paid him by defendant or his wife in the year 1913 was $35 for one black cow. Mrs. Beltram made an affidavit covering the same matter, and also told of an attempt of defendant's wife to try to induce Mr. Beltram to say that he had paid her about $40 for produce. This affidavit of two witnesses was tendered to the effect that in the spring of 1914 they were visiting at the home of the plaintiff when his wife, in speaking of the home, said it was very nice, "but we owe old Mr. Lagneau, Felix's father, $500 borrowed money," or that in substance. The theory of the plaintiff seems to be that his wife became alienated from him and undertook to help her parents swear the case through for them.

The affidavits present nothing which would necessarily work a different result with another jury, and nothing which is more than to some extent impeaching. They were presented to the

trial court, which had full cognizance of the entire situation and deemed them insufficient to require a new trial, and it can not be held that its ruling in this respect was an abuse of discretion. (See *Pittman Co. v. Hayes*, 98 Kan. 273, 157 Pac. 1193, and cases cited on page 278, and *Pasho v. Blitz*, 99 Kan. 421, 162 Pac. 1161.)

The judgment is affirmed.