No. 21,336.

JOSEPH BIERNACKI, *Appellee*, v. JOHN RATZLAFF, *Appellant*.

SYLLABUS BY THE COURT.

1. AUTOMOBILES—*Collision—Verdict—Judgment.* Rule followed that a verdict and judgment supported by substantial though conflicting evidence cannot be disturbed on appeal.

2. SAME—*New Trial—Cumulative Evidence—Judicial Discretion.* Rule followed that the production of cumulative evidence in support of a motion for a new trial is addressed to the sound discretion of the trial court and does not require the granting of a new trial as a strict matter of right.

3. SAME—*Evidence—Verdict and Judgment.* Evidence examined, and held sufficient to support a verdict and judgment for damages arising from a collision of automobiles on the public highway.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed March 9, 1918. Affirmed.

*J. B. Hayes,* of Minneola, for the appellant.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action and a cross action for damages arising from a collision of two automobiles on the public highway.

The plaintiff's petition, in substance, alleged that on the evening of February 19, 1916, he was driving his automobile southward on the west side of the public road at a moderate rate of speed, and that the defendant was driving his automobile northward on the west side of the road (wrong side for defendant) at a high and dangerous rate of speed, and through this negligence of the defendant a collision occurred which injured the plaintiff and damaged his machine.

The defendant's answer denied plaintiff's allegations, and in a cross petition he alleged that he was driving northward on the east side of the road at a moderate rate of speed, and that the plaintiff was driving his car southward on the east side of the road (wrong side for plaintiff) at a high and dangerous rate of speed, and that through this negligence of plaintiff the collision occurred which injured the defendant and damaged his machine.

The cause was tried to a jury, which returned a verdict for plaintiff for $350, and judgment was rendered thereon.

Defendant assigns two errors: (1) that the verdict was contrary to the evidence, and (2) that he was entitled to a new trial on his showing of newly discovered evidence.

The court has read the abstracts of the evidence with care, and it cannot be said that the verdict was contrary to *all* the evidence. While the testimony of the witnesses was conflicting, a substantial part of it tended to support the allegations of plaintiff's petition and to support the verdict. The problem for the trial court and jury was simply to determine which of the witnesses were telling the truth and which of them were not. (*Wideman v. Faivre,* 100 Kan. 102, 106, 163 Pac. 619; *Matassarin v. Street Railway Co.,* 100 Kan. 119, 120, 121, 163 Pac. 796.)

In support of the motion for a new trial the defendant produced affidavits of several new witnesses, which tended to prove that the tracks of plaintiff's automobile were on the east side of the road, where plaintiff's car, under the circumstances, had no right to be, and that the broken glass of the defendant's wind shield was on the east side of the road, where his car had a right to be. This evidence would tend to show that the plaintiff, and not the defendant, was the wrongdoer. But there was a good deal of evidence *pro* and *con* on both these phases of the controversy adduced at the trial, and the rule governing the granting of new trials on cumulative evidence controls. (*Strong v. Moore,* 75 Kan. 437, 89 Pac. 895; *Simmons v. Shaft,* 91 Kan. 553, 138 Pac. 614; *Pittman Co. v. Hayes,* 98 Kan. 273, 157 Pac. 1193.)

In appellant's brief there is some discussion of the duty of one who is in danger to avoid that danger when he can do so, and some discussion of the rights, duties and privileges of travelers on the highway; but no error is assigned touching these matters, and nothing can be discerned therein which affects the judgment.

Affirmed.