No. 30,016.

THE STATE OF KANSAS, *Appellee,* v. W. O. BLAKE, *Appellant.*

(298 Pac. 748.)

Opinion filed May 9, 1931.

*Walter L. Bullock,* of Dodge City, and *O. G. Underwood,* of Greensburg, for the appellant.

*Roland Boynton,* attorney-general, and *H. E. Crosswhite,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Defendant was prosecuted on three counts: (1) operating an automobile on the roads of Kiowa county without a

license tag showing registration; (2) operating an automobile on a public highway while under the influence of intoxicating liquor; and (3) operating an automobile on a public highway at a greater rate of speed than reasonable and at such speed as to endanger the life and limb of a person using the highway.

Count one was quashed, no verdict was returned on count two, and a verdict of guilty was rendered on the third count of the information.

Judgment was entered on the verdict, a sentence of ninety days in jail was imposed in conformity with the statute (R. S. Supp. 1930, 8-122), and defendant appeals.

He first contends that the evidence was insufficient to sustain the charge and that the court should have directed a verdict of acquittal. We think not. The evidence of the prosecuting witness, Hade Gupton, was sufficient to support the verdict—since the jury saw fit to give it credence. Gupton testified that he came to highway No. 54 from a side road on the south, driving a Ford car. He turned into highway No. 54 and headed eastward just as it was getting dark. Defendant came from the east on No. 54, driving a Peerless car. It swerved from the north side of the road to the south side, and the left fender of the Peerless struck the right fender of Gupton's car. This collision occurred about forty-five feet east of the point where Gupton had turned into the highway. The record fails to show that the incident occurred in Kiowa county, but counsel for defendant concedes that the court and jury could take judicial notice without proof that state highway No. 54 runs through Kiowa county from east to west. The county attorney in his opening statement to the jury said the crime was committed on highway No. 54 "some six miles west of town" (Greensburg, the county seat), and apparently defendant and his counsel were content to let that statement stand as a conceded fact, as no point was made at the trial that there was a failure of proof that the venue was properly laid in Kiowa county. (*State v. Bell,* 121 Kan. 866, 250 Pac. 281.) The state's evidence was therefore sufficient to take the case to the jury. (*Biernacki v. Ratzlaff,* 102 Kan. 573, 171 Pac. 672.)

Complaint is made that the trial court unduly restricted defendant's counsel in his cross-examination of Gupton, principal witness for the prosecution. Defendant sought to show that the prosecution had only been instituted because defendant had declined to pay the

cost of repairs to Gupton's car made necessary by the collision. We think the court permitted that point to be pursued far enough, since the motive of the prosecuting witness had no practical bearing on the question of defendant's guilt.

The judgment is affirmed.