No. 30,221.

MARGARET B. LENHERR, *Appellant*, v. GOTTLIEB L. LENHERR, *Appellee.*

(10 P. 2d 842.)

Opinion filed May 7, 1932.

*James L. Haley,* of Sabetha, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment which made a division of property between litigants who had been divorced.

Plaintiff and defendant were married in 1895. During the greater part of their married life they had resided on various farms in Nebraska, Oklahoma, Kansas and Missouri. In 1914 they quit farming and purchased a residence in Sabetha. They reared a family of five children, and separated in 1923.

On April 29, 1930, defendant filed a suit against plaintiff for divorce in Jackson county, Missouri. About a week later, May 7, 1930, plaintiff filed this action in the district court of Nemaha county. In it she asked for a divorce and for a decree that the Nemaha residence and a 240-acre farm in Greenwood county standing in the names of both parties be adjudged to be hers on the

ground that they had been acquired with funds which she had received from her parents' estates.

Defendant answered with a general denial and alleged that the Missouri action for a divorce had proceeded to judgment on July 7, 1930, and that these litigants were no longer husband and wife. He also alleged that the real estate involved in the present action had been accumulated by the joint earnings of plaintiff and defendant and from their separate inheritances. He prayed judgment for an interest in the realty.

Plaintiff's reply was a general denial. The cause was tried by the court, which made informal findings of fact. In part these read:

"That plaintiff and defendant have heretofore and on the 7th day of July, 1930, been duly divorced in the circuit court of Jackson county, Missouri.·
. . .

"That plaintiff and defendant were married on or about the 2d day of October, 1895; that both plaintiff and defendant since their said marriage have received separate inheritances. . . .

"The court does further find that much of said property has been made and accumulated by the joint and mutual efforts of plaintiff and defendant during their married life, and that said property should be divided between plaintiff and defendant by the court herein.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"The court does further find from the evidence that the improvements on said Greenwood county property are located on the eighty acres above described, and that the one hundred and sixty acres above described is unimproved, and that said described eighty acres and said described one hundred and sixty acres are practically of equal value."

The court further found that there was a mortgage for $3,500 on the Greenwood county property and adjudged that plaintiff and defendant should each pay off and discharge one-half of that indebtedness, and directed counsel for the parties to make proper arrangements to that end.

Judgment was given accordingly—that plaintiff should have the Sabetha property and the eighty acres in Greenwood county which contained the farm improvements, and that defendant should have separately decreed to him the quarter section in Greenwood county which was not improved.

Plaintiff appeals, urging certain errors, the first of which was that the case was decided upon other issues than those made by the pleadings. She contends that the only matter raised by the pleadings was one of property rights, and that the court dealt with it "as an alimony proposition and dependent upon marital rights." We

discern no question of alimony in the pleadings, the evidence, or the judgment. Defendant's answer denied that the properties were acquired exclusively with inheritance moneys of plaintiff. That denial joined an issue for determination. Defendant in his answer also alleged that the properties were acquired by the joint earnings of plaintiff and defendant and from inheritance moneys of both litigants. Plaintiff's reply denied those allegations. That denial joined another issue for determination. The court had these controverted issues before it, and evidence pro and con was adduced thereon. It is therefore obvious that the error assigned on the point that the court decided the case on any issue not raised by the pleadings cannot be sustained.

The next complaint is that the trial court declined to hear all the pertinent testimony offered. The excluded testimony was put in the form of an affidavit by plaintiff and offered in support of the motion for a new trial. We have read it. In part it went into greater detail touching the moneys she had received from her parents' estates, and what investments in real estate the parties had made therewith. But that evidence was merely cumulative to what the testimony at the trial had already shown, and error can seldom be successfully predicated on the rejection of merely cumulative evidence. (*Pasho v. Blitz*, 99 Kan. 421, 162 Pac. 1161; *Biernacki v. Ratzlaff*, 102 Kan. 573, 575, 171 Pac. 672.) In other respects plaintiff's rejected testimony would have shown that defendant was improvident and had spent his money on other women. The trial court ruled out that testimony in an opinion which reads:

"THE COURT: I am just wondering how much it is going to help the court. There is a divorce already granted between them and the record is as it is and I cannot change it—the divorce was granted on her fault.

. . . . . . . . . . . . .

". . . It may be that he has spent money in some ways that he might not have spent it. A lot of people do that and they are pretty good people, as far as we can tell. He did not get along with his wife and left her but he might have gotten along if he had tried and there might have been another woman that had something to do with it. It is pretty hard to say. They may have had their trouble long before this other woman came into the case, if she did. Anyway, this is a property matter right as it stands now. Unless the need of the family was very great, it is pretty poor policy of a court to strip a man of everything he has, unless it is a very clear case. I do not know as it would help any to hear more evidence along this line."

These observations contained good law and good sense. What-

ever marital delinquencies on the part of either or both these litigants may have existed, they were either aired or waived and finally adjudicated in the Missouri judgment, and the trial court's ruling on this point was correct.

On the error assigned in the overruling of plaintiff's motion for a new trial, we discern nothing to discuss.

On the final error assigned—that there was no evidence to support the finding and decree of the trial court—it seems to us that defendant's testimony, to which the trial court gave credence, fairly showed that defendant's efforts had contributed very substantially to the accumulation of the real-estate holdings of these litigants, particularly his acquisition of the Oklahoma homestead and the enhancement in value of the additional quarter section of Oklahoma land which had been purchased for $1,800. The homestead was improved with the proceeds of crops raised by defendant, and eventually it and the adjoining quarter section purchased for $1,800 were sold for $7,600, and about $6,000 of that amount went into the purchase of the Greenwood county land.

When a division of family property has to be made following a dissolution of the marriage relation, such division must be manifestly inequitable before this court would be justified in disturbing it. (Corbett v. Corbett, 101 Kan. 1, 165 Pac. 185.) Nothing of this kind is discernible in the present case. Neither litigant herein raises any of the perplexing questions which sometimes arise when adjudication of marital property rights is not made in the same judgment as that in which the divorce is decreed.

The judgment is affirmed.